UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MIGUEL A. BERNAL,
    Plaintiff,

v.                                                                   Case No. 22-C-231

RANDELL HEPP, et al.,
    Defendants.

## SCREENING ORDER

Plaintiff Miguel A. Bernal, an inmate confined at the Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This order resolves the plaintiff's motions for leave to proceed without prepaying the filing fee and for appointment of counsel and screens his complaint.

### I. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On February 28, 2022, I ordered the plaintiff to pay an initial partial filing fee of $10.00. ECF No. 10. Plaintiff paid that fee on March 25, 2022. I will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. SCREENING THE COMPLAINT

**A. Federal Screening Standard**

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States,

---

[1] The plaintiff attached numerous exhibits to the complaint. ECF No. 1-1. I will consider those exhibits as part of the complaint for the purpose of screening. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

The named defendants fall into three categories. First, there are officials from Waupun Correctional Institution: Warden Randall Hepp, Security Director Joseph Falke, Restricted Housing Unit ("RHU") Captain Robert Rymarkowicz, Investigations Lieutenant Burns, Inmate Complaint Examiner Tonia Moon, and Assistant Secretary Angelina Kroll. ECF No. 1 at 2–3. Then there is Sara Cooper of the Division of Adult Institutions. *Id.* Finally, there is Investigations Lieutenant Cruz of Racine Correctional Institution. *Id.* The plaintiff sues the defendants in their individual capacities. *Id.* at 11.

On July 22, 2016, Milwaukee Police officers stopped and searched the plaintiff in his car. ECF No. 1-1 at 55. They found money, cell phones, a firearm, ammunition, cocaine, marijuana, and a digital scale. ECF No. 1-1 at 55. In the trunk they found a tightly wrapped package containing nearly one kilogram of cocaine. *Id.* The plaintiff admitted to buying the pistol and picking up the cocaine for transport. *Id.* The plaintiff was convicted of drug charges and incarcerated at Racine. *Id.*; *see State of Wisconsin vs. Miguel A Bernal*, Milwaukee County Case 2016CF003268, *available at* https://wcca.wicourts.gov/.

The plaintiff alleges that, at Racine, Cruz retaliated against the plaintiff by searching his cell and providing false information to other officers, including Rymarkowicz. ECF No. 1 at 6–7. Cruz falsely believed that the plaintiff had a cell phone. When Cruz did

not find incriminating evidence during the searches, he said the plaintiff was "slick" but that he "always wins." *Id.*

In November 2021, the plaintiff was sent to Waupun on a temporary hold based on information related to a confirmed escape plan. ECF No. 1-1 at 55. On February 8, 2022, based on that information, Waupun officials placed the plaintiff in administrative confinement. *Id.* Burns informed the plaintiff of a hearing about his placement in administrative confinement but did not explain his placement in restricted housing. ECF No. 1 at 6. Instead, Burns said he would provide the plaintiff with an "A/C packet" explaining everything. *Id.* The next day, the plaintiff received the packet, which contained information about his placement in confinement, his February 10, 2022 hearing, and his classification review. *Id.* at 6–7; ECF No. 1-1 at 55–60. The plaintiff asserts that the allegations about his involvement in planning an escape are false. ECF No. 1 at 6. The plaintiff also alleges that Cruz's retaliatory acts caused his transfer and assisted in his wrongful conviction for the charges in his A/C packet. *Id.* at 7. The plaintiff alleges he never received a conduct report, but he admits he received the packet of information that contained information about his charges. *Id.* He asserts that he was convicted without evidence or due process and was not provided a translator or counsel during the hearing. *Id.*

The plaintiff also challenges his transfer to Waupun and the conditions he faced while in temporary lock-up. He alleges that he was sent to Waupun without notice and "pending an investigation" on the above information. ECF No. 1 at 4. He also alleges that he was denied phone privileges at Waupun in violation of his First Amendment rights. He filed an inmate complaint about his phone privileges and was told that Falke approved

4

Case 2:22-cv-00231-LA   Filed 04/29/22   Page 4 of 13   Document 13

the phone restriction for security reasons. ECF No. 1-1 at 15, 17. The plaintiff alleges Kroll denied his phone request slips in violation of his Eighth Amendment rights. ECF No. 1 at 6. Attached to the complaint is Kroll's response to one of his requests to use the phone. ECF No. 1-1 at 51. It states that "the Office of Legal Counsel" would not allow him to use the phones to contact "outside third parties." *Id.* He says he sent Cooper letters about his time in temporary lock-up, but she ignored them. ECF No. 1 at 6. He attached one of his letters, which is faint and difficult to read. *Id.* at 29–30.

The plaintiff also alleges that on November 30, 2021, he received a conduct report for possessing "an altered radio" and breaking a tablet. ECF No. 1 at 4; ECF No. 1-1 at 5. He was given thirty days of disciplinary separation. ECF No. 1 at 4–5. A week later, an officer informed him that Racine was suspending his phone privileges for three days for disobeying orders. *Id.* at 5. *Id.* The plaintiff later learned that his prison trust account was frozen, which prevented him from calling his family or purchasing paper, envelopes, or hygiene items from the commissary. *Id.* The plaintiff says these actions violated his rights under the First and Eighth Amendments. *Id.*

The plaintiff also wrote the "property room," Rymarkowicz, Burns, Falke, Hepp, and Cooper to ask for his property still at Racine, but his requests were "disregarded and ignored" his requests. *Id.* The plaintiff tried to write to the deputy warden at Waupun, but Rymarkowicz and Falke "intercepted and answered" his request slip. *Id.* He attached a response from a property room officer explaining that the plaintiff had "received all RHU allowable property that has come for [him]." ECF No. 1-1 at 7.

The plaintiff filed an inmate complaint, which he says Moon "threw away." ECF No. 1 at 5. The exhibits contradict this allegation and show that Moon rejected his complaints.

ECF No. 1-1 at 31–34. The plaintiff filed additional complaints and requested that body camera footage be preserved, and at least one of those requests was granted. *Id.* at 47. The plaintiff alleges that these events show Waupun officials' "campaign of harassment" against him for filing inmate complaints. ECF No. 1 at 5.

The plaintiff alleges that he has repeatedly written to Warden Hepp but received no reply. *Id.* at 7. He says every inmate complaint he filed has been rejected, and he insists Hepp reviewed each of his appeals from those rejections. *Id.* He attached Hepp's approval of the rejection of one of his inmate complaints. ECF No. 1-1 at 44. The plaintiff asserts Hepp violated his rights under the First, Fifth, Sixth, Eight, and Fourteenth Amendments by failing to intervene. ECF No. 1 at 7.

The plaintiff seeks damages and injunctive relief ordering Waupun and DOC staff to restore his phone privileges, provide him access to his trust account, and release him to general population. *Id.* at 12. He also seeks injunctive relief requiring "an outside entity" to process inmate complaints at Waupun because of the "corruption and cover-ups." *Id.*

## C. Analysis

The complaint asserts a slew of claims against numerous officials across three different institutions. The plaintiff incorrectly asserts that he properly joined his claims against the defendants. ECF No. 1 at 3. While multiple claims against a single party are fine, a plaintiff cannot bring *unrelated* claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); FED. R. CIV. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. FED. R. CIV.

P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

The complaint violates Rules 18 and 20 because it brings several unrelated claims against different defendants. He asserts that officials at Racine transferred him to Waupun without due process, searched his cell without cause, and retaliated against him based on false beliefs that he was violating prison rules. He also asserts that Waupun officials denied him access to phone calls and his trust account, issued him false conduct reports, convicted him of disciplinary violations without providing conduct reports or proper process at the disciplinary hearing, and ignored or improperly denied his inmate complaints about his alleged mistreatment. Although these claims occurred during the same period, they do not have defendants in common or share questions of law or fact. Some claims do not even specify the defendants involved. The plaintiff cannot satisfy Rules 18 and 20 by categorizing his varied claims as part of a "campaign of harassment" by the DOC.

Aside from violating Rules 18 and 20, many of the plaintiff's allegations do not state a claim for relief. First, prisoners do not have a protected interest in placement in a particular prison, so the mere fact that the plaintiff was transferred to Waupun did not violate his due process rights. *See Meachum v. Fano*, 427 U.S. 215, 224–25 (1976). Second, Section 1983 predicates liability on personal involvement in an alleged deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Several "counts" in the complaint identify defendants without alleging what each specifically did to violate the plaintiff's rights. Those vague allegations do not state a claim against any defendant.

7
Case 2:22-cv-00231-LA   Filed 04/29/22   Page 7 of 13   Document 13

*Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). Moreover, the supervisory officials are not personally liable for not responding to the plaintiff's letters about "decisions made by subordinates" or for not intervening in their alleged conduct. *Courtney v. Devore*, 595 F. App'x 618, 620 (7th Cir. 2014) (citing *Burks v. Raemisch*, 555 F.3d 592, 595–96 (7th Cir. 2009)). Nor did officials violate his rights by mishandling, rejecting, or denying his complaints. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Third, the plaintiff asserts a retaliation claim against Cruz, but he fails to allege that "he engaged in a protected activity" against which Cruz retaliated. *Felton v. Huibregtse*, 525 F. App'x 484, 486 (7th Cir. 2013); *see Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Fourth, the plaintiff alleges that he was improperly denied phone access, but his exhibits show the prison repeatedly informed him that his phone access was limited for security reasons related to officials' belief that he was involved in an attempted prison break. That legitimate prison concern justified temporarily limiting his phone access. *See Turner v. Safley*, 482 U.S. 78, 89 (1987). Fifth, the plaintiff does not state a claim against Burns, who merely informed the plaintiff about his hearing and gave him an information packet the next day, as he said he would. Finally, while the plaintiff complains that he was not represented by an attorney at his hearing, he has no such right to counsel. *See Wolff v. McDonnell*, 418 U.S. 539, 569–70 (1974).

The plaintiff's other allegations related to his placement on administrative confinement and hearing may state a viable due process claim. *See id.* at 563–66 (1974); *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). The plaintiff says Cruz provided false information that led to his transfer to Waupun and his placement on administrative confinement without notice. He also says that he was denied a translator at the hearing.

The complaint, however, does not detail which officials were involved with that hearing. Therefore, I will substitute a John Doe placeholder for the defendants involved in the hearing. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555–56 (7th Cir. 1996) (requiring courts to assist pro se litigants in identifying liable individuals not named in the complaint).

Because the plaintiff's complaint violates Rules 18 and 20, I must reject it "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." *Owens*, 635 F.3d at 952 (citing FED. R. CIV. P. 21). Before doing so, I will give the plaintiff an opportunity to choose the claim on which he wants to proceed. The plaintiff may file an amended complaint focusing on the claim of his choice on or before June 1, 2022. I will screen the amended complaint to determine whether it states a plausible claim for relief. If he does not file an amended complaint consistent with my instructions, I will allow him to proceed against Cruz and John Doe on the allegations in his original complaint related to his administrative confinement and hearing and will dismiss all other improperly joined defendants and claims.

If the plaintiff chooses to write an amended complaint, he should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? **The plaintiff's amended complaint should not be long or contain legal language or citations to statutes or cases**. He only needs to provide the court and each defendant notice of what each defendant allegedly did or did not do to violate his rights.

9
Case 2:22-cv-00231-LA   Filed 04/29/22   Page 9 of 13   Document 13

The court is enclosing a copy of its amended complaint form and instructions. The plaintiff must list the appropriate defendant(s) in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claim he wishes to bring, and to describe which defendants he believes committed the violations that relate to that claim. If the space is not enough, the plaintiff may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

### III. MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff also moves for appointment of counsel, asserting that he cannot afford an attorney, has a limited understanding of English, and would benefit from counsel's assistance at trial. ECF No. 4.

I have the discretion to recruit counsel for individuals unable to afford counsel. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). In exercising this discretion, I must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first element, I must determine that the plaintiff made a good faith

effort to hire counsel. *Pickett v. Chicago Transit Auth.,* 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682.

The plaintiff has not satisfied either requirement. He does not say whether he has made any effort to obtain counsel on his own by contacting any lawyers, firms, or organizations. Moreover, as noted, every indigent litigant would benefit from an attorney's assistance. The plaintiff has not explained why he is among those plaintiffs most in need of assistance. I understand the plaintiff's concern about his limited English-language abilities, but he filed a detailed complaint and motions with the assistance of other inmates. He does not allege that he may soon lose that assistance. The plaintiff also suggests counsel would be helpful during a trial, but he must overcome several other hurdles before going before a jury. At this early stage of litigation, I will deny the plaintiff's motion for appointment of counsel without prejudice.

### IV. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of counsel (ECF No. 4) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff may file an amended complaint that complies with the instructions in this order **on or before June 1, 2022**. If the plaintiff files

11
Case 2:22-cv-00231-LA   Filed 04/29/22   Page 11 of 13   Document 13

an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If the plaintiff does not file an amended complaint by the deadline, I will allow him to proceed only on a Fourteenth Amendment claim against defendants Cruz and John Doe and will dismiss all other claims and defendants.

**IT IS FURTHER ORDERED** that the Clerk's Office mail the plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from the plaintiff's prison trust account the $340.00 balance of the filing fee **by collecting payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this case. If the plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff,

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin

12
Case 2:22-cv-00231-LA   Filed 04/29/22   Page 12 of 13   Document 13

who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 29th day of April, 2022.

/s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge

---

Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.